

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2003

# In Re: USN Comm Inc

Precedential or Non-Precedential: Non-Precedential

Docket 02-2865

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"In Re: USN Comm Inc " (2003). *2003 Decisions.* Paper 713.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/713

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2865

IN RE:

USN COMMUNICATIONS, INC.,
Debtor

SCOTT PELTZ, as Liquidating Trustee
of the USN Liquidating Trust,
Successor to USN Communications, a
Delaware Corporation,
Appellant

v.

MARK HATTEN;
TRIUMPH-CONNECTICUT LIMITED PARTNERSHIP,
a Connecticut Limited Partnership;
SOLOMON SCHECHTER DAY SCHOOL OF GREATER
HARTFORD, INC., a non-for-profit
educational institution;
FSC CORPORATION, a Massachusetts corporation;
HATTEN COMMUNICATIONS HOLDING COMPANY,
a Connecticut corporation

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
D.C. Civil No. 00-cv-00996
District Judge: The Honorable Roderick R. McKelvie

Submitted Under Third Circuit LAR 34.1(a)
March 4, 2003

BARRY, Circuit Judge

Appellant Scott Peltz, liquidating trustee for the USN Liquidating Trust, successor to debtor USN Communications, Inc. ("USN"), brought this action seeking to avoid USN's transfer of approximately $68 million to appellees, owners of Connecticut Telephone and Connecticut Mobilecom (collectively "CT Tel"), in exchange for all of their equity in CT Tel and retirement of all of CT Tel's outstanding debt.  Appellant alleged that the $68 million transfer was constructively fraudulent under 11 U.S.C. § 548(a)(1)(B) because USN did not receive "reasonably equivalent value" in exchange for the transfer, and because the acquisition rendered USN insolvent.  After a bench trial, the District Court found that appellant had not satisfied his burden of proving by a preponderance of the evidence that $68 million was an unreasonable price for CT Tel at the time it was purchased or that the acquisition rendered USN insolvent.  The District Court had jurisdiction pursuant to 28 U.S.C. § 1334(b).  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm.

Because the parties in this case consented to a bench trial, we must affirm the District Court's factual findings unless they were clearly erroneous. Fed. R. Civ. P. 52.  At

trial, the primary evidence introduced by appellant consisted of expert testimony and analysis concerning the actual reasonable value of CT Tel and the insolvency of USN at the time of the acquisition, which was countered in turn by expert testimony and analysis presented by appellees. Our thorough review of the record yields no evidence which suggests that the District Court's factual findings that the $68 million price paid by USN to acquire CT Tel was reasonable and that the acquisition did not render USN insolvent were clearly erroneous. Accordingly, we will affirm the judgment of the District Court for substantially for the reasons articulated in its thorough, accurate, and well-reasoned 82-page memorandum opinion. It was well within the District Court's prerogative as finder of fact to choose not to rely on the speculative testimony of appellant's experts as colored by hindsight and the interests of litigation, especially when the $68 million price paid for CT Tel was the product of arm's-length negotiations between knowledgeable, sophisticated parties, advised by reputable financial and legal professionals.

/s/ Maryanne Trump Barry
Circuit Judge